WIGGINTON, Judge.
Appellant, who was defendant in the trial court, appeals a summary final judgment rendered in favor of appellee. The primary thrust of appellant’s position challenges the correctness of the trial court’s holding that upon the basis of the record before it appellee-plaintiff was entitled to judgment as a matter of law.
This case involves the construction of a reversionary clause contained in a deed conveying a strip or parcel of land in Du-val County. The undisputed evidence contained in the record reveals the following facts. Appellant, University Park Civic Association, Inc., is a corporation whose membership consists of the owners of property lying in University Park subdivision, a residential area in Duval County. In 1963 a corporation known as Motor Graphics, Inc., obtained a contract for the purchase of a tract of land near or adjacent to University Park subdivision and applied to the zoning authorities of Duval County for the rezoning of this property for com *749 mercial use. Appellant, University Park Civic Association, filed a formal objection to the application of Motor Graphics, contending that a rezoning of the property adjacent to their subdivision for commercial purposes would destroy the integrity and residential character of their property and depreciate its value. In order to induce appellant to withdraw its objection, Motor Graphics, Inc., agreed to convey to appellant a strip or parcel of land approximately 150 feet wide and 360 feet deep lying adjacent to University Park subdivision and between it and the nearby tract of land which Motor Graphics desired to have rezoned. The agreement between the officers of Motor Graphics, Inc., and appellant was that the parcel of land to be conveyed could be retained and utilized by the civic association as a buffer area or for whatever other use the association might care to make of it so long as it was not used for commercial purposes. In effec-tuation of this agreement, Motor Graphics executed a deed conveying the strip of land in question to appellant association, which deed contained the following clause, to wit:
“TO HAVE AND TO HOLD all and singular the above granted premises with the appurtenances unto the Second Party and its successors, to its own proper use and behoof so long as the Second Party uses the foregoing land for bona fide civic association purposes. However, in the event the Second Party shall fail to use the foregoing property for the foregoing purposes, or having commenced to use said property for said purposes shall cease to do so, then and in that event the title to said property shall revert to and vest in the First Party.”
The foregoing deed was accepted by appellant and recorded in the public records of Duval County. Its objection to Motor Graphic’s application for commercial rezoning of the nearby tract of land was withdrawn, the application granted, and the land thereafter devoted to commercial use. At all times subsequent to receipt of this conveyance appellant has maintained possession and control over the buffer strip for aesthetic purposes and has paid all taxes levied and assessed thereon. The land has at all times been left in its natural state, and no buildings, facilities, or other improvements have been erected or constructed thereon.
Appellee, who was plaintiff in the trial court, through a series of mesne conveyances acquired title to the reversionary interest in the buffer strip which was originally reserved by the initial grantor, Motor Graphics, Inc. After acquiring such reversionary interest, appellee brought this action to quiet his title to the land in question, alleging in his complaint that title had reverted to him as the ultimate grantee of Motor Graphics, Inc., by virtue of appellant’s failure to comply with the condition subsequent contained in the reversion-ary clause of the deed in that it has failed to use the property for bona fide civic association purposes. Appellant answered the complaint denying that it had failed to use the land in question for bona fide civic association purposes and, therefore, there had been no failure of the condition subsequent upon which appellee relied to establish that title to the land had reverted to him. Both parties moved for summary judgment on the basis of the pleadings, depositions, affidavits, exhibits, and other evidence in the file, each claiming entitlement to judgment as a matter of law. In rendering judgment in favor of appellee and quieting his title to the land in question, the court made the following findings of fact and law upon which its ruling is based, to wit:
“(1) That the instrument sued upon is not ambiguous and therefore parol evidence cannot be considered.
“(2) The instrument by its terms requires some affirmative use be made of the property in question and the defendant has conceded that the proofs show that the land has been kept vacant since July 16, 1963, when defendant acquired title. Plaintiff acquired title to the reverter interest on April 15, 1968.”
*750 In summary, it is evident that the trial court construed the reversionary clause in the deed by which appellant acquired title to the land in question to impose on appellant the requirement that the land be used for a bona fide civic association purpose, which use contemplated some affirmative action by appellant such as the erecting, constructing, or installing on the land buildings, facilities, or other improvements for the bona fide use of the members of the association. It is apparent that the trial court did not consider the continued use of the land in its natural vacant state as a buffer area to be a bona fide civic association purpose. With the foregoing conclusions we are unable to agree.
The utilization of land as a buffer for protecting the value and integrity of a restricted area against the adverse effects of land uses permitted in an adjacent or nearby less restrictive area is an accepted and widely employed technique in administering zoning laws and regulations.[1] Illustrative of the recognized use of buffer areas in zoning matters is the decision of the Supreme Court in Segal v. City of Miami[2] in which it said:
. Whether it is good zoning here to create a single-family zone adjacent to a liberal business zone without a buffer in some form is a matter for the city, and the court will not substitute its judgment.”
Such land use serves to separate and set apart residential areas from commercial or industrial areas and protect the former against the depreciating influences which flow from activities permitted in the latter. The use of the strip of land involved in this case as a buffer area to protect the value and integrity of the residential property in the subdivision is just as much a bona fide civic association purpose as would the use of the land for a park, playground, or other similar facility.
It is our view and we so hold that appellant has not failed to use the land involved in this proceeding for bona fide civic association purposes and, therefore, there has been no failure of the condition subsequent imposed in the deed of conveyance by which it acquired title to the land. Under the circumstances, title to the land has not reverted to the original grantor or its successor in title, and appellee is not vested with such an interest as would warrant quieting his title to the land as against appellant.
The judgment appealed is reversed and the cause remanded with directions that judgment be rendered in favor of appellant.
SPECTOR, C. J., and JOHNSON, J., concur.

. 2 Yokley, Zoning Law and Practice, 316, 317, § 17-7 (3rd Ed.,), and 1971 Cumulative Supplement 135, 136.
1 Anderson, American Law of Zoning 585, § 8.11 (1968 Ed.).
See also 101 C.J.S. Zoning, § 1, Note 13, § 32, Note 18, pp. 662, 738.

. Segal v. City of Miami (Fla.1953) 63 So. 2d 496, 497.